COURT OF APPEALS

COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

KENNETH L. DRUMGOOLE,                            )

                                                                              )              
No.  08-01-00055-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
120th District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 20000D02171)

                                                                              )

 

 

O
P I N I O N

 

Appellant Kenneth
L. Drumgoole appeals from his conviction by the jury for aggravated assault
with a deadly weapon and attempted aggravated sexual assault.  He was respectively sentenced on each count
to 10 years=
confinement and a $5,000 fine.  Appellant
brings five issues on appeal: 

(1)        Evidence is legally insufficient to
prove he had either the specific intent to sexually assault the complainant or
that he had proceeded beyond mere preparation;

 

(2)        Evidence is factually insufficient to
prove his actions were directed toward the completion of sexual assault;

 

(3)        Appellant suffered ineffective
assistance of counsel when the State put on undisclosed immunized testimony;

 

(4)        The trial court erred in admitting
undisclosed immunized testimony; and 

 

(5)        The trial court erred in admitting Appellant=s statement.

 

We will affirm.

About midnight on
April 7, 2000, Krystal Kehrman arrived home to her apartment.   After getting out of her car, she saw a man
walk toward her and began to feel apprehensive, so she tried to get back in her
car.  Before she could, something struck
her on the head and she became very dazed. 
When she regained her focus, she was lying half way on the passenger seat,
wedged in by the hand brake, and a man was seated on the driver=s side trying to start up her car.  Mrs. Kehrman began to scream for help, when
the man punched her in the face, pulled her hair, and told her, AShut up, bitch.  I have a gun,@
patting his jacket.  Afraid that she
would be shot, Mrs. Kehrman stopped screaming.

Mrs. Kehrman=s assailant continued to try to start
her car, but, because the clutch was not pushed in, it would not start.  He commanded Mrs. Kehrman, AThis f---ing car isn=t starting.  Start this damn car, bitch,@ then again punched her and pulled her
hair.  At this point, he put his hand on
her leg and said, AOh, I am
going to f--- you.@  Mrs. Kehrman believed he would rape her and
renewed her cries for help, and the assailant pulled her hair, tried to choke
her with his hands, and hit her on the head with what felt like an object, not
his fist, just like the first time he hit her and she became dazed.  They continued to struggle, but when one of
Mrs. Kehrman=s
neighbors came outside, the man ran away, pursued by the neighbors.

Jose Reyes, Jr.
and Joseph Kehrman heard a woman screaming outside of their respective
apartments.  Mr. Reyes saw a woman and a
man struggling inside a car from his apartment and ran outside.  Mr. Kehrman also came out to investigate and
saw a neighbor chasing someone around the corner and his wife screaming and
crying.  She was bleeding from her
head.  Both Mr. Kehrman and Mr.
Reyes helped to chase the man from the parking lot and assisted in holding him
until the police responded.  The man was
identified as Appellant.

Two rocks, which
Mrs. Kehrman said had not been there before the attack, were found inside the
car; one of them had a bloodstain on it. 
Officer Gregory Allen testified that rocks were capable of causing death
or serious bodily injury and were deadly weapons.  

After his arrest,
Appellant signed a voluntary statement, in which he said he had been wandering
inside an apartment parking lot when he saw a girl alone in a car.  He got two rocks and hit her on the upper
part of the body as she got out of the car. 
When she began screaming, Appellant ran away but was caught by Asome guys.@  

At trial,
Appellant admitted assaulting Mrs. Kehrman but denied attempting or having the
intent to rape her.  Appellant had
intended to steal her car and sell off parts of it for drugs, and he had only Apushed@
Mrs. Kehrman with the rock.  He disputed
Mrs. Kehrman=s
statement that he had touched her leg or said that he would Af--- her.@

In reviewing the
legal sufficiency of the evidence, this Court examines all of the evidence in a
light most favorable to the verdict, both admissible and inadmissible, in order
to determine whether any rational trier of fact could find the essential
elements of the crime as alleged beyond a reasonable doubt.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex.Crim.App. 1999); Lyon v. State, 885 S.W.2d 506, 516 (Tex.App.--El
Paso 1994, pet. ref=d).  Our duty is not to reexamine the evidence and
impose our own judgment as to whether the evidence establishes guilt beyond a
reasonable doubt, but only to determine if the findings by the trier of fact
are rational.  Lyon, 885 S.W.2d at
516-17.  Any inconsistencies in the
evidence are resolved in favor of the verdict. 
Matson v. State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991).  This standard of review applies equally to
both direct and circumstantial evidence cases. 
Garcia v. State, 871 S.W.2d 279, 280 (Tex.App.--El Paso 1994, no
pet.).

In reviewing
factual sufficiency, this Court views all evidence without the prism of Ain the light most favorable to the
prosecution@ and sets
aside the verdict only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. 
Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996).  We defer to the fact finder=s determinations in reviewing the
weight given to the evidence.  Id.  An appellate court cannot substitute its
judgment for that of the fact finder=s
and should not intrude upon the fact finder=s
role as the sole judge of the weight and credibility of witness testimony.  Santellan v. State, 939 S.W.2d 155,
164 (Tex.Crim.App. 1997).

The e